**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

Filed/Docketed
Aug 12, 2026

| | |
|---|---|
| IN RE:<br><br>**THOMAS LEROY PLUMMER, JR.,**<br><br>Debtor. | **Case No. 26-10273-T**<br>**Chapter 7** |
| **FARRON and PAM MITCHELL, and LIMCROSS VENTURES**<br><br>Plaintiffs,<br>v.<br><br>**THOMAS LEROY PLUMMER, JR.,**<br><br>Defendant. | **Adv. No. 26-01018-T** |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss (the "Motion"),[1] filed by Thomas Leroy Plummer, Jr. ("Defendant"); and Plaintiffs' Response and Objection to Defendant's Motion to Dismiss,[2] filed by Plaintiffs Farron and Pam Mitchell and Limcross Ventures (collectively, "Plaintiffs"). Defendant seeks dismissal of the Complaint[3] pursuant to Federal Rule of Civil Procedure 12(b)(6). The following facts and conclusions of law are made pursuant to Federal Rule of Civil Procedure 52, made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 7052.

---

[1] ECF No. 15.
[2] ECF No. 16.
[3] ECF No. 1.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[4] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). Determination as to the dischargeability of a debt is a "core" proceeding as that term is defined in 28 U.S.C. § 157(b)(2)(I).

### Background

On May 13, 2026, Plaintiffs filed this adversary proceeding to except debts from discharge pursuant to § 523.[5] The Complaint alleges Plaintiffs are creditors of Defendant who have suffered damages in excess of $41,000. According to the Complaint, on March 11, 2025, Plaintiffs contracted with Defendant d/b/a Tee Pee Roofing and Construction, LLC ("Tee Pee") to have roof replacement services performed on Plaintiffs' commercial building (the "Project").[6] In accordance with the parties' contract, Plaintiffs paid Defendant $104,969.40 on March 17, 2025, and another $36,482.05 on July 18, 2025. On May 12, 2025, Defendant procured the metal panels used to complete the Project from Metal Panels, Inc. According to Plaintiffs, Defendant was meant to pay Metal Panels, Inc. using the funds provided to Defendant by Plaintiffs. However, when Metal Panels, Inc. subsequently submitted its invoice, Defendant failed to pay the amount due. As a result, Metal Panels, Inc. filed a materialman's lien against Plaintiffs' building. Plaintiffs then

---

[4] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

[5] ECF No. 1.

[6] The Complaint notes that Defendant's Schedule A/B in his underlying bankruptcy case states Defendant has 100% ownership in Tee Pee Roofing and Construction, LLC. *See* Case No. 26-10273, ECF No. 1 at 13.

settled with Metal Panels, Inc. on December 17, 2025, paying the company $41,000 for release of the lien and any claims against Plaintiffs.

Based on these facts, Plaintiffs claim Defendant committed fraud and defalcation while acting in a fiduciary capacity. Additionally, Plaintiffs assert Defendant committed fraud by failing to pay Metal Panels, Inc. using the funds provided to Defendant by Plaintiffs. Therefore, Plaintiffs argue, the debt is not dischargeable pursuant to § 523(a)(4) and (a)(2)(A).

## Discussion

Defendant filed the Motion pursuant to Rule 12(b)(6), which provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."[7] Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] In addition, if a complaint alleges fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake."[9] Thus, a party alleging fraud or mistake must plead facts establishing the "who, what, when, and where" of the allegedly fraudulent conduct.[10] Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[7] Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012.

[8] Fed. R. Civ. P. 8, made applicable to this proceeding by Fed. R. Bankr. P. 7008; *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).

[9] Fed. R. Civ. P. 9(b), made applicable to this proceeding by Fed. R. Bankr. P. 7009.

[10] *Fusion Indus., LLC v. Friday (In re Friday)*, No. 24-1076, 2025 WL 892618, at *7 (Bankr. W.D. Okla. Mar. 21, 2025) (quoting *New Century Bank v. Carmell (In re Carmell)*, 424 B.R. 401, 412 (Bankr. N.D. Ill. 2010) ("[T]he who, what, when, and where aspects of the fraud need not be related with exact details in the complaint as a journalist would hope to relate them to general public. That is, it is only necessary to set forth a basic outline of fraud in order to alert the defendant of the purported fraud he is defending against.").

reasonable inference that the defendant is liable for the misconduct alleged."[11] While the Court is required to accept all factual allegations as true, the same does not apply to legal conclusions.[12] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13] A complaint cannot simply assert a legal conclusion that a plaintiff has a claim for relief, but must also plead facts that are more than consistent with the asserted liability, and that show (as opposed to merely allege) that the pleader is entitled to relief.[14] "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."[15]

A. *Section 523(a)(4): Fraud or Defalcation While Acting in a Fiduciary Capacity*

Exceptions to discharge pursuant to § 523 are to be construed narrowly with any doubts resolved in the debtor's favor.[16] Section 523(a)(4) excepts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity[.]" To state such a claim for fraud or defalcation while acting in a fiduciary capacity, "'a plaintiff must allege that: (1) a fiduciary relationship existed between the debtor and the creditor, and (2) the debt owed to the creditor is attributable to a fraud or defalcation committed by the debtor in the course of the fiduciary relationship.'"[17] The issue of whether a fiduciary relationship existed is a question of federal law, although state law

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

[12] *Id.* at 678.

[13] *Id.* (citing *Twombly*, 550 U.S. at 555).

[14] *Twombly*, 550 U.S. at 563.

[15] *Robbins*, 519 F.3d at 1247 (citing *Twombly*, 550 U.S. at 555).

[16] *See Glencove Holdings, LLC v. Bloom (In re Bloom)*, No. 22-1005, 2022 WL 2679049, at *5 (10th Cir. July 12, 2022); *DSC Nat'l Props., LLC v. Johnson (In re Johnson)*, 477 B.R. 156, 168 (10th Cir. BAP 2012).

[17] *Okla. Heritage Bank v. Ward (In re Ward)*, 589 B.R. 424, 429-30 (Bankr. W.D. Okla. 2018) (quoting *In re Burton*, 463 B.R. 142 (Table), 2010 WL 3422584, at *5 (10th Cir. BAP Aug. 31, 2010)).

can be informative.[18] The fiduciary relationship necessary to satisfy the first element is one that arises from an express or technical trust established or imposed prior to the allegedly tortious conduct creating the debt.[19] However, "[t]he trust requirement is not limited to trusts arising out of a formal agreement, but includes relationships in which trust-type obligations are imposed pursuant to statute or common law."[20]

Plaintiffs contend that, pursuant to Okla. Stat. tit. 42, §§ 152, 153, a fiduciary relationship was created between the parties on March 17, 2025, the date upon which Plaintiffs made their first payment to Defendant.[21] Section 152 requires contractors and subcontractors to hold the amount payable under any building or remodeling contract as "trust funds for the payment of all lienable claims due and owing or to become due and owing by such contractors or subcontractors by reason

---

[18] *In re Van De Water*, 180 B.R. 283, 289 (Bankr. D.N.M. 1995) (citing *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir. 1986)).

[19] *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996) ("Thus, an express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4)); *White v. White (In re White)*, No. 20-01061, 2021 WL 450992, at *7 (Bankr. W.D. Okla. Feb. 8, 2021).

[20] *In re Van De Water*, 180 B.R. at 289 (citing *In re Bennett*, 989 F.2d 779, 785 (5th Cir. 1993)).

[21] Defendant argues that he, as owner and sole member of Tee Pee, is not the proper party given that Plaintiffs' contractual agreement was with Tee Pee, not Defendant individually. In support, Defendant relies on Okla. Stat. tit. 12, § 682(B) and Okla. Stat. tit. 18, § 1124(B). Both statutes involve limitations on when an officer, director, or shareholder of a corporation may be sued and held liable for corporate debts. Plaintiffs do appear to refer to Defendant and Tee Pee interchangeably throughout portions of the Complaint. However, Plaintiffs' causes of action, and the factual allegations supporting those claims, are generally asserted against Defendant in his individual capacity. "Under Oklahoma law, an officer may be held liable for the torts that he personally commits[,]" including fraud. *Okla. Federated Gold & Numismatics v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994) (discussing application of Okla. Stat. tit. 18, § 1124(B)); *see Hall v. Marston*, No. 25-cv-421, 2026 WL 325995, at *3 (N.D. Okla. Feb. 6, 2026) (Section 682(B) "does not prevent a person from being sued directly for his own conduct.") (quoting *Dennis v. Good Deal Charlie, Inc.*, No. 20-cv-00295, 2021 WL 815841, at *6 (N.D. Okla. Mar. 3, 2021)). Therefore, Plaintiffs' claims, which seek relief for *Defendant's* allegedly fraudulent conduct, are not precluded.

of such building or remodeling contract."[22] According to § 153, the trust funds must then be applied to the payment of any valid lienable claims.[23] Moreover, if the party receiving money "is an entity having the characteristics of limited liability pursuant to law, such entity and the natural persons having the legally enforceable duty to the management of the entity shall be liable for the proper application of such trust funds . . . ."[24] Courts have previously concluded that construction trust fund statutes to pay lienable claims, such as Okla. Stat. tit. 42, §§ 152, 153, create a fiduciary duty within the meaning of § 523(a)(4).[25]

Plaintiffs have alleged that they entrusted funds to Defendant, a contractor, for the purpose of constructing a roof for their building and that Metal Panels, Inc., a materials supplier, then created a lienable claim which Defendant was then required to satisfy using the funds paid to him by Plaintiffs. Thus, the Court concludes Plaintiffs have sufficiently alleged the existence of a fiduciary relationship between the parties for purposes of § 523(a)(4).

As to the second element, fraud is defined as "positive fraud, or fraud in fact, involving moral turpitude or intentional wrong . . . and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality."[26] Defalcation, on the other hand, does not require a showing of bad faith, moral turpitude, or immoral conduct; instead, it requires a finding "that the debtor acted with wrongful intent, or, at a minimum, with a conscious disregard of his or

---

[22] Okla. Stat. tit. 42, § 152(1).

[23] *Id.* § 153(A).

[24] *Id.* § 153(B).

[25] *See Duncan v. Neal (In re Neal)*, 324 B.R. 365, 370-71 (Bankr. W.D. Okla. 2005) (citing first *Disc. Home Ctr., Inc. v. Turner (In re Turner)*, 134 B.R. 646, 656 (Bankr. N.D. Okla. 1991); and then *Carey Lumber Co. v. Bell*, 615 F.2d 370 (5th Cir. 1980)); *see King v. Cobbs (In re Cobbs)*, No. 17-1013, 2017 WL 4158341, at *3 (Bankr. W.D. Okla. Sept. 18, 2017) ("It is well established that a fiduciary relationship is created within the meaning of § 523(a)(4) by virtue of the Oklahoma construction funds trust statutes which impose a fiduciary duty on the contractor to pay lienable claims of subcontractors or materialmen.").

[26] *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273 (2013).

her fiduciary duties."[27] Plaintiffs allege Defendant "acted with knowledge and reckless disregard for the fiduciary duty he held to be accountable and trusted with the money for the payment to the material suppliers."[28] As such, the Court finds Plaintiffs have sufficiently alleged a claim for defalcation while acting in a fiduciary capacity pursuant to § 523(a)(4).

   B.  *Section 523(a)(2)(A): False Pretenses, False Representation, or Actual Fraud*

Section 523(a)(2)(A) excepts from discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud[.]" Thus, a claim pursuant to § 523(a)(2)(A) may rest on any of the three aforementioned types of fraud, each of which must be analyzed separately depending on the facts of the specific case.[29] However, each type of fraud must involve "moral turpitude or intentional wrong, and does not extend to fraud implied in law which may arise in the absence of bad faith or immorality."[30] In other words, the debtor must have acted with subjective intent to deceive.[31]

A false representation is an explicit, definable statement resulting in a misrepresentation.[32] A false pretense, on the other hand, is an implied misrepresentation, which includes a material

---

[27] *Okla. DHS Child Support Servs. v. Bryan (In re Bryan)*, 612 B.R. 618, 627 (Bankr. N.D. Okla. 2020) (quoting *Jantz v. Karch (In re Karch)*, 499 B.R. 903, 906 (10th Cir. BAP 2013)); *see Bullock*, 569 U.S. at 273-74 ("Where actual knowledge of wrongdoing is lacking, we consider conduct as equivalent if the fiduciary 'consciously disregards' (or is willfully blind to) 'a substantial and unjustifiable risk' that his conduct will turn out to violate a fiduciary duty.").

[28] ECF No. 1 at 7.

[29] *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 360 (2016) ("It is therefore sensible to start with the presumption that Congress did not intend 'actual fraud' to mean the same thing as 'a false representation[.]'").

[30] *In re Van De Water*, 180 B.R. at 288 (citation omitted); *see also Ritz*, 578 U.S. at 360.

[31] *In re Johnson*, 477 B.R. at 169; *Skyline Air Ops, Inc. v. Conkle (In re Conkle)*, No. 23-01053, 2024 WL 1460286, at *6 (Bankr. W.D. Okla. Apr. 3, 2024).

[32] *Argento v. Cahill (In re Cahill)*, No. 15-72418, 2017 WL 713565, at *6 (Bankr. E.D.N.Y. Feb. 22, 2017).

omission or conduct intended to create and foster a false impression.[33] To establish a claim under § 523(a)(2)(A) for false pretenses or false representation, a plaintiff must prove the following: "1) the debtor made a false representation; 2) the debtor made the representation with the intent to deceive the creditor; 3) the creditor relied on the representation; 4) the creditor's reliance was justifiable; and 5) the debtor's representation caused the creditor to sustain a loss."[34] Actual fraud encompasses a broader range of conduct and does not require a false representation.[35] Instead, the term "actual fraud" entails "any deceit, artifice, trick, or design involving direct or indirect operation of the mind, used to circumvent or cheat another."[36] To assert a claim for actual fraud, "a creditor must establish that (1) a fraud occurred, (2) the debtor intended to defraud, and (3) the fraud created the debt that is the subject of the dispute."[37]

According to Plaintiffs' allegations, Defendant falsely represented to Plaintiffs in the contractual agreement that the funds they paid would be used to pay for the Project, including the costs of materials. Plaintiffs also assert that Defendant made said representation with the intent to deceive.[38] Plaintiffs then relied on said false representation and, as a result, sustained injury when the funds which should have been used to pay Metal Panels, Inc., were not used to pay such

---

[33] *William W. Barney, M.D. P.C. Ret. Fund v. Perkins (In re Perkins)*, 298 B.R. 778, 788 (Bankr. D. Utah 2003).

[34] *In re Ward*, 589 B.R. at 428 (citing *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 789 (10th Cir. 2009)). *See also Scheideler v. Berken*, No. 16-cv-02310, 2017 WL 3315550, at *3 (D. Colo. Aug. 3, 2017).

[35] *Ritz*, 578 U.S. at 359.

[36] *Bank of Cordell v. Sturgeon (In re Sturgeon)*, 496 B.R. 215, 223 n.14 (10th Cir. BAP 2013) (quoting *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000)).

[37] *In re Ward*, 589 B.R. at 428 (quoting *Fifth Third Mortg. Co. v. Kaufman*, 2017 WL 4021230, at *14 (N.D. Ill. July 25, 2017)).

[38] Rule 9(b) "does not require 'any particularity in connection with an averment of intent, knowledge or condition of mind.'" *Danbom v. Prewitt (In re Prewitt)*, 486 B.R. 518, 523 (Bankr. D.N.M. 2013) (quoting *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997)). Thus, Rule 9(b) does not require particularized allegations of intent or knowledge.

expenses. Moreover, Plaintiffs incurred additional injury by satisfying Metal Panels, Inc.'s materialman's lien. Plaintiffs do not include any allegations regarding whether Plaintiffs' reliance on Defendant's misrepresentation was justified. However, the allegations sufficiently inform Defendant of the claims asserted against him,[39] and allow the Court "to believe plaintiff has a reasonable likelihood of mustering factual support for the stated claims."[40] Thus, in interpreting the Complaint in the light most favorable to Plaintiffs, the Court finds it does provide sufficient factual allegations establishing a claim pursuant to § 523(a)(2)(A).

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss, filed by Thomas Leroy Plummer, Jr., Defendant herein, at ECF No. 15, is hereby DENIED.

IT IS FURTHER ORDERED that, **on or before Friday, September 11, 2026**, Defendant shall file an answer to the Complaint.

DATED this 12th day of August, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY

---

[39] *See Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023) ("Rule 9(b)'s purpose is 'to afford [a] defendant fair notice' of a plaintiff's claims and the factual grounds supporting those claims.") (citation omitted).

[40] *Myers Operations, Inc. v. Noles (In re Noles)*, 22-01058, 2023 WL 2636311, at *8 (Bankr. W.D. Okla. Mar. 24, 2023) (citing *Higginbottom v. Mid-Del Sch. Dist.*, No. CIV-15-1091, 2016 WL 951691, at *2 (W.D. Okla. 2016)).